UNITED STATES of America, Appellee,

v.

William Ray DORAN, Appellant.

UNITED STATES of America, Appellee,

v.

Donald Arthur PADGETT, Appellant.

Nos. 79–1991, 79–1992.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1980.

Decided April 28, 1980.

\* The Honorable Earl R. Larson, Senior United States *District Judge for the District of Minnesota, sitting by designation.*

1. The Honorable Albert G. Schatz, United States District Court for the District of Nebraska.

2. Cases from five federal judicial districts were transferred to Nebraska pursuant to Rule 20 of

Mark F. Monahan, Alfrey & Monahan, Bellevue, Neb., and J. Thomas Marten, Kutak, Rock & Huie, Omaha, Neb., for appellants.

Lynn L. Wallin, Asst. U. S. Atty., Omaha, Neb., argued, Edward G. Warin, U. S. Atty., Omaha, Neb., and Jean Breen, Legal Intern, on brief, for appellee.

Before LAY, Chief Judge, ROSS, Circuit Judge, and LARSON, District Judge.\*

PER CURIAM.

The appellants in this case seek review of the sentences imposed on them in the district court [1] proceedings. William Ray Doran and Donald Arthur Padgett entered guilty pleas to four separate counts of armed bank robbery [2] in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. A presentence investigation was conducted and the resulting report was distributed to counsel in advance of the sentencing. On November 19, 1979, the appellants appeared separately before the district court and were each sentenced to four consecutive 25 year terms. Both defendants appeal the severity of their sentences.

Two issues are raised on appeal. The first is whether this court has the authority to review the sentences of the district court under the narrow standard set forth in *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973). Assuming that such authority exists, the second issue is whether the 100 year sentences constitute gross abuse of the trial court's discretion and require this court to reduce the sentences on appeal. Even assuming, arguendo, that this court has the authority to reduce the district court's sentence, it is clear that the 100 year sentences are not the product of a gross abuse of the district court's discretion.

the Federal Rules of Criminal Procedure. An indictment against Doran for a robbery in Kansas City, Missouri, was dismissed at the time of sentencing. The remaining four counts, to which each of the defendants entered a guilty plea, arose out of armed robberies in Des Moines, Iowa; Salt Lake City, Utah; Sacramento, California; and Seattle, Washington.

Therefore, the sentences imposed on the appellants must stand.

Accordingly, we order that the sentences imposed by the district court be, and hereby are, affirmed.