**UNITED STATES of America, Appellee,**

v.

**Thomas Edward VRAVIS, Appellant.**

**No. 84–1805.**

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1985.

Decided May 14, 1985.

Rehearing Denied June 17, 1985.

tion, we limit our discussion to the rational basis test.

Frank Oliver, Chicago, Ill., for appellant.

Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HARRIS,* District Judge.

---

LAY, Chief Judge.

Thomas Vravis was convicted of willfully and knowingly conspiring to distribute cocaine under 21 U.S.C. § 846 (1982). Vravis' co-defendant Rebecca Clark was convicted of conspiracy to distribute cocaine, distribution of cocaine, and unlawfully carrying a firearm during the commission of the offense of conspiracy to distribute cocaine.[1] Vravis was sentenced to three years imprisonment. On appeal, Vravis claims his conviction should be reversed because the district court[2] failed to suppress improperly seized evidence. We reject Vravis' claim and affirm the conviction.

In late December 1983, Special Agent Carter of the Drug Enforcement Administration (DEA) negotiated and then transacted with co-defendant Lonnie Clark for the purchase of cocaine. Subsequently, Agent Carter received a telephone call from Lonnie Clark on January 24, 1984, in which Clark told Carter he could get between four and eight ounces of cocaine, that his drug source was en route, and that he would call the next morning with more details. The next morning at 7:50 a.m. Clark called Carter and said "the guys" had shown up, and that they had arrived the night before and were waiting to get their money to go on the road so they could return for another deal the following day. Clark called again at 8:30 a.m. to advise Carter of his location. Clark urged Carter to come to a location near Berniece's Flower Shop in Des Moines as soon as possible so his source, who he referred to as "the guys" and "city boys," would stay around. Clark stated he had a tire problem and that "the guys" were getting a tire to fix his car. Following this telephone call, Agent Carter informed several DEA agents of the planned meeting and that he would need assistance. Special Agents Thornton and Overbaugh went to the area to conduct

---

* The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. Clark's appeal was severed for purposes of oral argument. Her conviction was affirmed by a panel of this court. *See United States v. Clark,* 754 F.2d 789 (8th Cir.1985).

2. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

surveillance. After spotting Clark's car, the agents advised Agent Carter by police radio of Clark's position and the presence of a white car with Illinois license plates, the occupants of which appeared to be fixing Clark's tire. According to his testimony, Agent Overbaugh observed one of the occupants of the Illinois car, Thomas Vravis, at the front of Clark's car, looking at the left front tire.

When Agent Carter arrived at the location, he saw Lonnie Clark, Rebecca Clark, and their child in Clark's car beside a drive-up phone booth facing Sixth Avenue. Agent Carter observed Agents Thornton and Overbaugh parked in their vehicle across the street and somewhat south of the meeting location. He also observed the white vehicle with Illinois license plates parked in an adjacent parking lot. Agent Carter parked his car next to Clark's vehicle, and Clark got into Carter's car. Clark handed Agent Carter three ounces of cocaine in exchange for $6,300 in hundred dollar bills with recorded serial numbers. When asked about the source of the cocaine, Clark replied that "the guys" were over there waiting. After the transaction, Clark returned to his own car, drove to the adjacent parking lot, and got in the white car with Illinois license plates. After about ten minutes, Clark returned to his own car, and both cars started to leave the parking lot. Agent Carter drove his car in Clark's path to block his departure, while Agents Overbaugh and Thornton blocked the Illinois car. Agent Carter arrested Lonnie and Rebecca Clark and searched their persons and their car, while the other DEA agents did the same to the Illinois car and its occupants. A cursory search of the inside of the Illinois vehicle yielded a blackjack and some papers in the front seat. A search of the Clark vehicle yielded, among other things, a copy of a money order that had been sent to Vravis. The agents also found on Vravis' person one of the $100 bills Agent Carter had given to Clark. A scrap of paper bearing the name "Lonnie" and certain figures was also found in a suitcase located in the trunk of Vravis' car.

Prior to trial, Vravis moved to suppress the seized items, asserting that his arrest and the ensuing searches of his person and his vehicle were without warrant or probable cause. The district court denied the motion, finding that probable cause to arrest Vravis existed. Thereafter, the jury returned a verdict of guilty as to both Vravis and Clark. On appeal, Vravis contends that the agents did not have probable cause to arrest him and that the search pursuant to the arrest was therefore unlawful and the evidence seized should have been suppressed. Vravis argues that because the agents observed no transaction between Clark and Vravis or his passenger, at most, the agents had a mere suspicion that Vravis was involved in the drug transaction. Vravis relies on the proposition that mere association with a known or suspected criminal does not create probable cause to arrest. *United States v. Everroad,* 704 F.2d 403, 406 (8th Cir.1983).

■ Probable cause for a warrantless arrest is determined "in terms of the circumstances confronting a reasonably cautious and prudent police officer at the time of the arrest." *United States v. McGlynn,* 671 F.2d 1140, 1143–44 (8th Cir.1982). *See also United States v. Wentz,* 686 F.2d 653, 656 (8th Cir.1982). Under this guideline, we find Vravis' contention that the agents lacked probable cause to arrest him to be without merit. As in Rebecca Clark's appeal, we find the circumstances in this case distinguishable from those present in *United States v. Everroad,* 704 F.2d 403 (8th Cir.1983). In *Everroad,* agents observed the defendant riding with a known drug dealer in the latter's car less than an hour before an undercover agent purchased several pounds of marijuana from the drug dealer. The dealer also had stated he would deliver some cocaine within a half hour, and the agent knew the defendant was located less than a half hour away from the location of the sale. This court

held those facts alone did not constitute probable cause to arrest the defendant.

■ The facts implicating Vravis in the drug transaction reveal much more than "mere association with a known or suspected criminal." Here, Vravis and his vehicle were present in the immediate vicinity of the location of the drug transaction at all times before, during, and after the sale. Before the sale, Vravis was seen standing next to the Clark vehicle looking at the front tire. During the sale, Vravis' vehicle was observed in a position from which its occupants could easily view the transaction. Immediately after the sale, Clark was seen driving over to Vravis' vehicle. The agents watched Clark enter the Vravis vehicle, return to his own car, and begin to leave. In addition, at the time of the arrest the agents were aware of the statements made by Clark that very morning referring to his source who was present in town and was helping him fix his tire as "the guys" and the "city boys." Agent Carter was also told by Clark at the time of the transaction that his source was "over there." The agents were able to connect "the guys" to Vravis and his companion when they observed Vravis' conduct and his vehicle with Illinois license plates near the scene of the transaction. From these circumstances, we cannot say the district court erred in finding the agents had probable cause to arrest Vravis. In the *Clark* appeal, this court found Agent Carter could have reasonably concluded that Rebecca Clark accompanied her husband to act as a lookout or that she might be armed to provide support for her husband if needed. Here, we find the agents could have reasonably concluded Vravis was Lonnie Clark's drug source and was present to keep an eye on his investment and to ensure he received his portion of the proceeds from the transaction.

We conclude that the district court's finding of probable cause was based on adequate findings of fact, and that the court did not err in denying Vravis' motion to suppress. Therefore, the evidence presented against Vravis at trial was properly admitted, and his conviction is affirmed.