UNITED STATES of America, Appellee,

v.

**Donald LOVE, Appellant.**

No. 86–2228.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1987.

Decided April 2, 1987.

Rehearing Denied May 19, 1987.

Jerome A. Merwald, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U.S. Attorney, Omaha, Neb., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and DEVITT,* Senior District Judge.

DEVITT, Senior District Judge.

Appellant was convicted of armed bank robbery (18 U.S.C. §§ 2113(a) and (d)) and use of a firearm during a bank robbery (18 U.S.C. § 924(c)) and was given consecutive sentences of sixteen years on the bank robbery count and five years on the firearms count. For reversal, he argues (1) there was no probable cause for his arrest, (2) the government improperly exercised a peremptory challenge to exclude a black venireman and (3) his sentence was excessive. For the reasons stated below, we affirm the conviction.

■ Appellant first argues that the district court's affirmance of the magistrate's determination of probable cause was clearly erroneous. Appellant was arrested when, accompanied by co-defendant Cloyd, he got out of a beige Nissan car and stepped onto the porch of one Mease's house. The magistrate based his finding of probable cause on several facts known by the police at the time of appellant's arrest. These included a general description of the robbers; use, in the robbery, of a beige Nissan with rear-end damage and a missing hubcap; both the deposit of clothing matching the description of clothes used in the robbery and the attempted destruction of bait money in the basement of Mease's house; identification of co-defendant Cloyd as one of several black men involved in dropping off the clothes and attempting to destroy bait money; and, information from Mrs. Mease that she expected the black men, who on the previous day had deposited clothes and attempted to burn bait money in her basement, to return shortly to retrieve their clothes.

From a review of the totality of the circumstances, see United States v. Wallraff, 705 F.2d 980, 990 (8th Cir.1983), the district court's finding of probable cause was not clearly erroneous. United States v. McGlynn, 671 F.2d 1140, 1143 (8th Cir. 1982). Appellant's argument that probable cause was based solely on his association with Cloyd is without merit. Armed with the facts known at the time of appellant's arrest, the police reasonably could infer that appellant was Cloyd's accomplice in the robbery. Cf. United States v. Vravis, 761 F.2d 513 (8th Cir.1985) (presence of defendant and his vehicle in proximity of drug transaction under the circumstances made inference that defendant was drug dealer's source reasonable).

Appellant next argues that the sole black venireman was peremptorily challenged and removed in violation of his right to equal protection as enunciated in Batson v. Kentucky, — U.S. —, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). There, the Supreme Court held that once a defendant makes a prima facie showing of purposeful discrimination in the selection of the petit jury the government has the burden of articulating a clear and reasonably specific neutral explanation for removing a venireman of the same race.

■ Appellant is black. The government explained that it removed the sole black venireman because he had heard of Nash Auto Waxing, a business owned by a person whom the government expected would be called as an alibi witness in the later trial of Mark Anthony Cloyd (charged in the same indictment with appellant) and who might be sympathetic to appellant as well. The district court found, in light of the government's explanation, that appellant had failed to establish purposeful discrimination. This was a permissible finding.

■ As stated by the Supreme Court in Batson, the government's explanation "need not rise to the level justifying exer-

---

* The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota, sitting by designation.

cise of a challenge for cause." *Id.* 106 S.Ct. at 1723. The trial court's determination that the government has rebutted the defendant's *prima facie* case should be given great deference, *see id.* at 1723 n. 21, and we are unwilling to disturb that determination here.

 Appellant next argues that his sentence was excessive. A sentence within the statutory limits, assuming it does not violate the Eighth Amendment, will not be disturbed on appeal unless the sentencing judge grossly abused his discretion. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Doran,* 619 F.2d 783, 783–84 (8th Cir.), *cert. denied,* 449 U.S. 863, 101 S.Ct. 168, 66 L.Ed.2d 80 (1980). These sentences were within the statutory limits and appellant does not claim that his sentence violates the Eighth Amendment, nor has he demonstrated a gross abuse of discretion by the sentencing judge.

Appellant himself, in a *pro se* submission from his place of confinement, states that the indictment was fatally defective because it failed to allege specific intent and he moves for leave to take further appeal after he has had an opportunity to review the record. The indictment was properly drafted to allege violations of 18 U.S.C. §§ 2113(a) and (d) for count one and 18 U.S.C. § 924(c) for count two. An indictment is not fatally defective, though it fails to allege felonious intent, if its wording parallels the statute. *Cf. Walker v. United States,* 439 F.2d 1114 (6th Cir.1971); *United States v. McNamara,* 422 F.2d 499 (1st Cir.), *cert. denied,* 397 U.S. 1056, 90 S.Ct. 1403, 25 L.Ed.2d 674 (1970). Appellant's argument is without merit and his request to take further appeal is denied.

The judgment of the district court is affirmed.