**UNITED STATES**

v.

**Eddie L. SHELBY, 454 70 4189,
Storekeeper First Class (E–6),
U.S. Navy.**

**NMCM 87 3040.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 31 Jan. 1987.

Decided 11 July 1988.

922

Maj. R.P. Walton, USMC, Appellate Defense Counsel.

Lt. Eralides E. Cabrera, JAGC, USNR, Appellate Government Counsel.

Vincent A. Bertolini, Civilian Defense Counsel.

Before BYRNE, C.J., and RUBENS and COUGHLIN, JJ.

BYRNE, Chief Judge:

Contrary to his pleas, appellant was found guilty, by a special court-martial consisting of enlisted and officer members, of one specification of sodomy in violation of Article 125 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925. He was sentenced to be separated from the Naval Service with a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Before this Court, appellant claims, *inter alia*, that the Government improperly exercised a peremptory challenge to deliberate-

ly exclude from the court-martial panel a member of appellant's race.[1]

The appellant is a black male who was accused of engaging in sodomy with a civilian black male just outside of Naval Base Norfolk, Virginia. Prior to trial, the appellant asked the convening authority to include black members on his court-martial panel. Pursuant to this request, the convening authority detailed two black members to the court-martial, along with five other officers and six other enlisted personnel.

At the conclusion of voir dire, the appellant exercised two challenges for cause, one of which was to excuse a black chief master-at-arms who had stated that he would be unable to hear the case fairly and impartially because of his law enforcement experience. Additionally, appellant exercised a peremptory challenge. The Government made no challenges for cause, but utilized its single peremptory challenge to excuse the only remaining black court-martial member, an ensign, from the panel. The military judge then notified the four challenged members that they had been excused and they withdrew from the courtroom.

Moments later, appellant's civilian defense counsel, noticing that both black members of the court-martial panel had been excused, objected that it was "highly improper" for trial counsel to peremptorily challenge the court's sole remaining black member.[2] The military judge agreed that

1. Appellant also asserts that the military judge committed prejudicial error in her handling of the defense's objection to the peremptory challenge, that the evidence does not support appellant's conviction beyond a reasonable doubt, and that the sentence is inappropriately severe. We find the first two assignments of error to be without merit and will address sentence appropriateness *infra*.

2. At oral argument before this Court, appellate government counsel urged that civilian defense counsel's objection to the peremptory challenge was not timely made and was therefore waived. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), requires that an objection to the Government's challenges be made in a "timely" fashion. *Batson,* 476 U.S. at 99, 106 S.Ct. at 1724, 90 L.Ed.2d at 90. *See also United*

*States v. Forbes,* 816 F.2d 1006, 1011 (5th Cir. 1987). To be considered timely, an objection to trial counsel's peremptory challenge should be made prior to the time the member departs the courtroom after being excused by the military judge. *See United States v. Erwin,* 793 F.2d 656, 667 (5th Cir.1986) ("The Court in *Batson* envisioned that a motion to strike would be made promptly, probably before the venire was dismissed."), and *United States v. Forbes, supra.* This would prevent delaying the start of trial in order to search for replacement members for those improperly challenged and dismissed. Although the objection in this particular case was made after the member in question had left the courtroom, the moment at which waiver would be applicable was not well defined at the time this case was tried; we decline to apply the doctrine of waiver under these circumstances.

it would be inappropriate to exclude members solely on account of their race, but stated that she didn't believe that the trial counsel's peremptory challenge demonstrated such discriminatory exclusion. Nevertheless, upon request by civilian defense counsel, the judge asked the trial counsel if he had "in fact peremptorily challenge[d] Ensign Glisson because he was black." R. 178. Trial counsel responded, "I can assure you that I did not challenge Ensign Glisson for the fact that he is black. I challenged him because he is an ensign and I want more senior people on the panel." *Id.* The trial counsel offered to withdraw the challenge and retrieve the member if he were still available "in order to snuff the issue." Defense counsel found this solution to be acceptable, but the military judge, having determined that she had already excused the member, called a recess. Upon calling the court to order, the military judge commented:

> There has been no evidence that there's been any systematic eclusion [sic], of course, of blacks. Additionally, although Lieutenant Richards used his peremptory challenge on a member who was black, I find that it was not done solely for that purpose.
>
> The member's questionnaire for ... Ensign Glisson does show that he's only had a total of 1½ years experience, and Mr. Richards' statement that he wanted a more experienced officer or senior officer to sit on the court is accepted as the reason. I see no other indication that, in fact, the reason— ... was because he was black.

R. 79.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court stated, with respect to peremptory challenges, that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Batson*, 476 U.S. at 89, 106 S.Ct. at 1719, 90 L.Ed.2d at 83. The Court determined that an accused may make a prima facie showing of pur-

poseful discrimination in selection of his venire by (1) establishing that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to strike members of the defendant's race, (2) relying on the fact that peremptory challenges constitute a jury selection practice capable of being abused in a discriminatory fashion, and (3) showing that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude members from the jury on account of their race. *Id.* at 96, 106 S.Ct. at 1722–23, 90 L.Ed.2d at 87–88.

■ The *Batson* procedure was precipitated by prosecutorial abuse of the historically unfettered privilege of peremptorily striking prospective jurors. *See Batson*, 476 U.S. at 91, 106 S.Ct. at 1720, 90 L.Ed.2d at 84. State and federal prosecutors often used a disproportionate number of their peremptory challenges to exclude from jury arrays members of the accused's own race. While the court-martial peremptory challenge procedure is less subject to such pervasive abuse due to the fact that Article 41(b), 10 U.S.C.A. § 841(b) of the UCMJ entitles each of the parties in a court-martial to only one peremptory challenge, we find *Batson* to be nonetheless applicable to trials by court-martial. The exclusion of a single court-martial panel member solely because of his or her race is as equally offensive to the constitutional principle of equal protection as is the discriminatory exclusion of a number of jurors in the same case or the systematic exclusion of jurors for racial reasons over a large number of cases. *See id.* at 95, 106 S.Ct. at 1722, 90 L.Ed.2d at 87.

■ In the instant case, the exercise of trial counsel's peremptory challenge had the effect of excluding from the court-martial panel the sole remaining member of the appellant's race. The military judge determined that a discriminatory purpose was not evidenced by trial counsel's challenge, *i.e.*, that a prima facie case of purposeful discrimination was not established. We find the military judge's determination to

be erroneous. The appellant is a member of a cognizable racial group and the trial counsel exercised his sole peremptory challenge to strike from the court-martial panel a member of appellant's race. Secondly, even the single peremptory challenge allowed by Article 41(b), UCMJ, may be used in a discriminatory fashion. Finally, the fact that the member peremptorily challenged was the sole member of the appellant's race remaining on the panel raised an inference that the trial counsel used the peremptory challenge to exclude the black member solely on account of his race.

██ While the military judge erroneously found that no prima facie case had been established, she nevertheless, pursuant to defense counsel's request, required the trial counsel to state for the record the motivation for his peremptory challenge.[3] Trial counsel proceeded to articulate a neutral, nondiscriminatory explanation for the peremptory challenge, namely that the ensign was the most inexperienced of the court-martial members.[4] The military judge concluded that the peremptory challenge was made for a nondiscriminatory purpose. We accord great deference to the trial court's finding [5] and find as well that the trial counsel articulated a " 'clear and reasonably specific' explanation of ... 'legitimate reasons' for exercising the challenge[ ]." *Batson*, 476 U.S. at 98, 106 S.Ct. at 1724, 90 L.Ed.2d at 89 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981)). *Cf.* Article 25(d)(2), UCMJ, 10 U.S.C.A. § 825(d)(2). The record supports the basis for challenge articulated by the trial counsel—the challenged ensign was in fact the court-martial member with the least military experience. We conclude

that the reason articulated by the trial counsel was the motivation for the challenge of the black ensign.

██ Accordingly, this assignment of error is without merit. The findings are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed; the findings are therefore affirmed. We find that, under the particular circumstances of this case, this appellant may be appropriately punished by mitigating the bad-conduct discharge to forfeiture of pay and reduction in pay grade. Accordingly, we approve a sentence of forfeiture of $300 pay per month for a period of 6 months and reduction to pay grade E–3.

Judge COUGHLIN and Judge RUBENS concur.

---

**3.** We do not infer that the military judge found a prima facie case from the mere fact that she required such an explanation from trial counsel. *United States v. Forbes*, 816 F.2d 1006, 1010 (5th Cir.1987). To the contrary, the judge's findings indicate that she did not believe a prima facie case of purposeful discrimination to have been established. *See* R. 177 and 179.

**4.** Trial counsel stated, "I challenged him because he is an ensign and I want more senior people on the panel." R. 178. We interpret trial counsel to mean that he desired the members with the most military experience to remain on the panel. Thus, he challenged the ensign, who had the least military experience of the officers and who had far less military experience than the enlisted personnel remaining on the panel.

**5.** *Batson*, 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21, 90 L.Ed.2d at 89 n. 21. *See also Forbes*, 816 F.2d at 1010; *United States v. Cloyd*, 819 F.2d 836, 837–838 (8th Cir.1987); and *United States v. Love*, 815 F.2d 53, 55 (8th Cir.1987).