**UNITED STATES of America,**

v.

**Luis ALMANZAR, Vincente Sarmiento, and Nestor Rafael Rodriguez, Defendants.**

**No. 90 Cr. 426 LLS.**

United States District Court, S.D. New York.

Oct. 23, 1990.

---

Mark J. Stein, Asst. U.S. Atty., New York City, for U.S.

Joel Stein, New York City, for defendants.

### OPINION AND ORDER

STANTON, District Judge.

This is a motion to suppress physical evidence consisting of a gun seized from the automobile of defendant Nestor Rodriguez on the ground that the evidence was obtained as a result of an unlawful search and seizure. No hearing is necessary because the parties do not dispute any material facts. *See United States v. Munoz*, 738 F.Supp. 800, 801 (S.D.N.Y.1990). Because the automobile search was a proper search of the passenger compartment of an automobile, incident to a lawful arrest, the motion is denied.

On June 13 and June 14, 1990 confidential informants working under the supervision of the DEA met with defendants Luis Almanzar and Vincente Sarmiento and negotiated for the purchase of ten kilograms of cocaine by the defendants. Special Agent Violet M. Szeleczky was informed that the deal was to take place at 5:00 p.m. on June 14, 1990 at 66th Street and West End Avenue in Manhattan. She and other DEA agents set up surveillance in that vicinity.

At approximately 5:00 p.m., Almanzar and Sarmiento arrived at the designated location in a car. Their car was closely followed by a livery cab. The livery cab parked immediately in front of the first car. Defendant Almanzar got out of the first car, approached and entered the livery cab where he had a short conversation with the driver. Almanzar got out of the livery cab, and he and Sarmiento negotiated further with the confidential informants across the street. After the conversation, Almanzar opened the trunk of the car he arrived in and showed the confidential informants the money he intended to use to buy the cocaine. Throughout this time the livery cab remained parked in front of the first car and the driver remained seated in

the livery cab. After Almanzar opened the trunk and displayed the money, DEA agents arrested him and Sarmiento. They also arrested the driver of the livery cab, Nestor Rodriguez, who was still sitting in his cab at the time of the arrest. Rodriguez was ordered out of the car, and the car was searched by DEA agents, who found a .38 caliber handgun under the driver's seat of the cab. Prior to his arrival on the scene in the livery cab, the DEA agents had not heard of, or seen, Nestor Rodriguez.

Rodriguez moves to suppress the gun on the ground that there was no probable cause to arrest him or to search his car. The government contends that probable cause existed based on Rodriguez's actions and based on the agents' awareness (from experience with narcotics related crimes and from conversations with other experienced DEA agents) that it is common for people participating in narcotics transactions to bring additional people to act as protection. It contends that the search of the automobile was therefore lawful as incident to a lawful arrest.

■ Mere association with a known or suspected criminal or presence at the scene of a crime does not create probable cause. *United States v. Di Re*, 332 U.S. 581, 593, 68 S.Ct. 222, 228, 92 L.Ed. 210 (1948). "[A] search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ..." *Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979). *See also United States v. Moreno*, 897 F.2d 26, 31 (2nd Cir.1990) ("'[M]ore than physical companionship and/or a working relationship is required' to establish probable cause with respect to a companion of a suspect.") (quoting *United States v. Afanador*, 567 F.2d 1325, 1331 (5th Cir.1978)).

■ In this instance, Rodriguez's actions amounted to more than mere association and presence. Rodriguez arrived on the scene together with the other defen-

dants. Almanzar entered Rodriguez's car and spoke to Rodriguez right before Almanzar went to buy the cocaine. Rodriguez remained parked in front of the car that held the money during the entire duration of the transaction, and he was positioned so that he could see both the car and the transaction across the street. These acts evidenced deliberate coordination of Rodriguez's actions with the actions of the other defendants. Furthermore, Agent Szeleczky and the other agents participating in the surveillance were aware that it is common practice for persons engaged in a large narcotics transaction to have an individual present for protection. Rodriguez's actions were consistent with the acts of an individual whose role in a drug conspiracy is to provide protection.

An agent may use her experience, training and knowledge as a factor in determining that probable cause connecting a defendant with criminal activity exists. *Texas v. Brown*, 460 U.S. 730, 742–43, 103 S.Ct. 1535, 1543–44, 75 L.Ed.2d 502 (1983). In *United States v. Munoz*, 738 F.Supp. 800 (S.D.N.Y.1990), the Court found that FBI agents' observations, knowledge, and assumptions that a kidnapper would take several people along for security when he went to pick up ransom money were enough to establish probable cause as to an accomplice who was "observed doing nothing but sitting as a passenger in the Jeep." *Id.* at 802. Similarly here, in light of Agent Szeleczky's experience, training and knowledge of the general *modus operandi* of drug dealers, there was probable cause for her to conclude that Rodriguez "was not just a mere innocent traveling companion but was traveling and acting in concert" with Almanzar and Sarmiento. *United States v. Patrick*, 899 F.2d 169, 172 (2d Cir.1990).

In *United States v. Lima*, 819 F.2d 687, 689–90 (7th Cir.1987), the Seventh Circuit found probable cause to arrest a defendant (Lima) who arrived on the scene of a drug transaction shortly after the other participants in the deal, parked directly behind the car of one of the known participants, and conversed with one of the participants

who walked over to his car while the transaction was taking place. The Court further stated that "[A]ny innocent interpretation is further undermined by the fact that neither [of the other principals] called off or postponed the delivery of the drugs despite Lima's presence." *Id.* at 690.

In *United States v. Vravis*, 761 F.2d 513, 516 (8th Cir.1985), the Court held that there was probable cause for agents to conclude that defendant was the "drug source and was present to keep an eye on his investment" where defendant was present in the vicinity of the drug transaction before, during, and after the sale, was seen standing near the dealer's car, and the dealer drove to and briefly entered defendant's car immediately after the transaction. Similarly, in *United States v. Clark*, 754 F.2d 789, 791–92 (8th Cir.1985) the Court found probable cause for agents to conclude that defendant was "present in order to act as a lookout ... or that she might be armed to provide support ... in the event violence erupted" where defendant was present in the dealer's car at all times before, during and after the drug deal. *See also United States v. Giagoudakis*, 693 F.Supp. 1417, 1419 (E.D.N.Y.1987) (probable cause to arrest individual who merely advised agents of drug dealer's location and "was looking around.") aff'd 856 F.2d 480 (2d Cir.1988). By contrast, in both *United States v. Butts*, 704 F.2d 701, 704 (3rd Cir.1983), and in *United States v. Viera*, 569 F.Supp. 1419, 1425 (S.D.N.Y.1983), no probable cause was found where an individual was merely present, but did not appear to be playing any expected role or performing any expected activity pursuant to that conspiracy. *See* 569 F.Supp. at 1425 ("The mere fact that Lanigan was present when the counterfeit bills were passed does not constitute probable cause to believe that he was committing a crime.").

▮ However, this case is readily distinguishable from cases where an individual is merely present when a crime is taking place, but whose conduct does not indicate participation in a conspiracy or performance of an expected task. In this case probable cause lay in the combination of the factors of presence, coordination of activity which appeared to be more than coincidental,[1] the fact that the transaction went forward in Rodriguez's presence, *See United States v. Lima*, 819 F.2d 687, 690 (7th Cir.1987), and the agent's knowledge and experience of the nature of drug purchasing conspiracies involving large amounts of cash. Based on these factors, Agent Szeleczky had probable cause to believe that Rodriguez was at the scene to protect the money and the other two defendants. "Although no single fact was sufficient by itself to establish probable cause, the totality of circumstances as appraised by experienced drug enforcement agents was sufficient." *United States v. Cruz*, 834 F.2d 47, 51 (2nd Cir.1987), *cert. denied*, 484 U.S. 1077, 108 S.Ct. 1056, 98 L.Ed.2d 1018 (1988).

▮ Rodriguez's arrest was proper. Accordingly, the search of the passenger compartment of Rodriguez's car was proper as incident to a lawful arrest. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981) ("[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."). Defendant's motion to suppress is therefore denied.

---

**1.** The fact that an individual's conduct may be consistent with innocence does not negate probable cause if it otherwise exists. *United States v. Webb*, 623 F.2d 758 (2d Cir.1980). A showing of probable cause does not require sufficient evidence to support a conviction. *See United States v. Cruz*, 834 F.2d 47, 50–51 (2d Cir.1987), *cert. denied*, 484 U.S. 1077, 108 S.Ct. 1056, 98 L.Ed.2d 1018 (1988). Defendant can argue an innocent interpretation of his conduct to the jury. *See United States v. Munoz*, 738 F.Supp. at 802.