William A. GOICHMAN, on behalf of himself and all others similarly situated, Plaintiff–Appellant/Cross–Appellee,

v.

CITY OF ASPEN, a Municipal Corporation, Defendant–Appellee/ Cross–Appellant.

Nos. 84–2341, 84–2422.

United States Court of Appeals, Tenth Circuit.

Oct. 24, 1988.

Richard B. Rose of Sawaya, Rose & Roads, P.C., Denver, Colo., for plaintiff-appellant/cross-appellee.

Paul J. Taddune, City Atty., Taddune & Associates, P.C., Aspen, Colo., for defendant-appellee/cross-appellant.

Before McKAY, ANDERSON and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

William A. Goichman appeals from the district court's grant of summary judgment dismissing his legal and equitable claims brought under 42 U.S.C. § 1983 (1982) against the city of Aspen, Colorado. 590 F.Supp. 1170. Claiming that various sections of Aspen's towing ordinance violated the due process clause of the fourteenth amendment, plaintiff sought declaratory and injunctive relief, restitution and punitive damages, and the certification of a plaintiff class under Rule 23(b)(3), Fed.R.

Civ.P. Plaintiff also asked for attorney's fees under 42 U.S.C. § 1988 (1982).

On summary judgment,[1] the district court held that the request for declaratory and injunctive relief had been mooted by Aspen's repeal of its prior ordinance and enactment of a revised ordinance which the court found to be constitutional.[2] The court also declined to certify a plaintiff class because no common questions of law or fact predominated. Finally, the court denied plaintiff's request for attorney's fees. We affirm the district court's judgment with respect to its disposition of plaintiff's claims, albeit on different grounds. With respect to Aspen's cross-appeal, we remand for court determination of defendant's entitlement to attorney's fees.

## I.

The incidents prompting Mr. Goichman's complaint were summarized by the district court as follows:

[Mr. Goichman] was in Aspen as a tourist on December 27, 1981, when he parked a leased vehicle on a public street. The next day, he discovered that his vehicle had been towed from its parking space by employees of [Aspen]. [Aspen] states that the vehicle was towed and impounded because it was parked in violation of § 22–26–4 of the Aspen Municipal Code, which prohibits parking between the hours of 3:00 a.m. and 7:00 a.m. at the location in question.

[Mr. Goichman] asserts that when he appeared at the offices of the Aspen Police Department on December 28, he was informed that he would be required to pay a $20.00 parking fine and a $40.00 towing fee before the vehicle would be released. Further, Plaintiff states that he was told by an unidentified employee that no judicial hearing would be provided to determine whether the towing and impoundment was appropriate and legal.

Record, vol. 2, at 205.

Plaintiff paid the fine and towing fee, choosing not to contest the underlying parking violation.[3] Eleven months later he brought this section 1983 action alleging that Aspen had deprived him of personal property without providing for a "judicial hearing, prior to payment for the release of the vehicle, to determine the legal justification for the ... seizure and impoundment of the car." Brief of Appellant, at 5.

## II.

When examining the district court's grant of summary judgment, we apply a *de novo* standard of review to all legal determinations. *Wheeler v. Hurdman,* 825 F.2d 257, 260 (10th Cir.1987). Moreover, in examining the factual setting in which legal questions arise, we construe the pleadings and the evidence on record liberally in favor of the party opposing summary judgment. *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986). In this case, the material facts, *i.e.,* those "that might affect the outcome of the suit under the governing law," are not disputed. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). It is the

1. The city of Aspen moved for a judgment on the pleadings under R. 12(c), Fed.R.Civ.P., or, in the alternative, for dismissal under Rule 12(b). The district court converted Aspen's motion to one for summary judgment. *See Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454 (10th Cir.1978), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).

2. Before filing its Answer, Aspen amended its towing and impoundment ordinance to "reaffirm[] and codify[] the City's procedures for providing notices of impoundment and hearings regarding removal and towing and storage fees of impounded vehicles." Record, vol. 2, at 205. After careful review of the new ordinance's provisions, the district court held that it adequately addressed due process requirements. We find no error in the court's conclusion. We note that the constitutionality of Aspen's original towing ordinance was never adjudicated by the trial court.

3. In addition to the written notice provided on the traffic citation, plaintiff does not contest Aspen's assertion that persons claiming their vehicles were advised of their "right to appear in Municipal Court to contest the citation.... If exonerated of the citation in Municipal Court, the towing and impound fees were waived and reimbursed if already paid." Record, vol. 2, at 233 (Memorandum Brief in Support of Plaintiff's Motion for Reconsideration, Exhibit A: Defendant's Answers to Interrogatories).

legal conclusions that may properly be drawn from those facts that we must decide. Finally, we may affirm the granting of summary judgment if any proper ground exists to support the district court's ruling. *McKibben v. Chubb*, 840 F.2d 1525 (10th Cir.1988).

### III.

Due process is a flexible concept, and its procedural protections will vary depending on the particular deprivation involved. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In the context of another challenge to a towing ordinance, this circuit previously determined that a city "need not provide a hearing before requiring that the owner of an impounded vehicle pay the fees to recover the car." *Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir.1984). Requiring an individual to post the equivalent of a bond [4] (to cover towing charges and parking fees) pending a hearing on the underlying violation does not violate due process. The reasoning of the District of Columbia Circuit in *Cokinos v. District of Columbia*, 728 F.2d 502 (D.C.Cir.1983), is persuasive: "The regulation allows towing of illegally parked vehicles; the validity of the tow, therefore, is dependent on the validity of the determination that the car in question was found parked in violation of a traffic regulation." *Id.* at 503. Thus, as long as there is an opportunity for a hearing provided to challenge the underlying violation, due process is served.

In this case, Aspen, acting pursuant to a legitimate exercise of its police power, enacted parking regulations which it enforced through the towing of illegally parked vehicles. At no time has the plaintiff challenged the legality of Aspen's authority to enact these regulations. Adequate notice of the regulations was given through properly posted signs. Record, vol. 2, at 232. Thus, Mr. Goichman was on notice that parking his vehicle overnight in a marked zone constituted a violation capable of subjecting him to a fine and/or the towing of his vehicle. When his vehicle was, in fact, towed, Mr. Goichman promptly appeared at the Aspen Police Department and demanded the vehicle's return. Although he had notice that he could challenge the underlying parking violation in Municipal Court,[5] Mr. Goichman instead asked for a judicial hearing to challenge the impoundment and towing of his vehicle. Under these circumstances, Aspen was under no duty to afford plaintiff an *additional* hearing on this matter since an adjudication of the parking violation would resolve the matter.

■ We hold that the reasonable availability of a hearing to adjudicate the underlying parking violation satisfies the strictures of due process.[6] As a result, no

---

**4.** If an individual chooses not to contest the citation, the matter is disposed of by payment of the fine and towing charges. If, on the other hand, the individual chooses to contest the ticket but due to the time of day a Municipal Court hearing is not immediately available, he is required to pay a "penalty assessment" equal to the fine, pending a hearing on the underlying violation. Record, vol. 2, at 232–33. In essence, the assessment acts as a security bond to ensure the individual's appearance at the hearing.

In much the same way, towing and impoundment charges can be viewed as a bond to cover the costs of enforcement if the party does not prevail on the merits. The city clearly has a "considerable interest in imposing the costs of removal upon the vehicle owner." *Goichman v. Rheuban Motors*, 682 F.2d 1320, 1324 (9th Cir. 1982) (citing *Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir.1977)). The towing charge reflects these costs of en-

forcement, and plaintiff has not alleged that the charges are excessive.

It is uncontested that if an individual wishes to challenge his parking ticket and prevails at the hearing, he is reimbursed for the fees and charges which he was required to pre-pay. Record, vol. 2, at 232, Memorandum Brief in Support of Plaintiff's Motion for Reconsideration, Exhibit A: Defendant's Answers to Interrogatories.

**5.** *See supra* note 1. It is also uncontested that a Municipal Court hearing on the underlying traffic violation was available, essentially on demand, during normal working hours. Record, vol. 2, at 232 (Memorandum Brief in Support of Plaintiff's Motion for Reconsideration, Exhibit A: Defendant's Answers to Interrogatories); *see also Cokinos*, 728 F.2d at 503.

**6.** Under Aspen's original towing ordinance, a hearing on the underlying violation was readily available: "During working hours, persons who

*additional* hearing, judicial or otherwise, was necessary to determine the validity of Aspen's impoundment and towing procedures.[7] Since Mr. Goichman's due process rights were not violated, the section 1983 action cannot lie. Likewise, there is no basis for a class action.

We are aware that our analysis and conclusion departs from the approach employed by a number of courts in adjudicating cases involving due process challenges to towing ordinances.[8] In our view, the prevailing *Sniadach–Fuentes–Di–Chem* analysis is inappropriate to situations such as the present one. The factual and policy bases of the two types of situations differ sufficiently that an uncritical application of that precedent confuses, rather than illuminates, the issues before the court.

*Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), involved a challenge to Wisconsin's garnishment statute which permitted a private party to freeze up to fifty percent of a debtor's wages without affording the wage earner immediate notice or a hearing to contest the action. The garnisheed wages could be unfrozen if the wage earner prevailed at a later trial on the underlying obligation. Nevertheless, the absence of a procedure to provide adequate notice and hearing led the Supreme Court to find that the pre-judgment garnishment constituted a taking of property in violation of "fundamental principles of due process." 395 U.S. at 342, 89 S.Ct. at 1823.

*Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), involved an analogous challenge to Florida and Pennsylvania's replevin statutes. Both acts permitted a private party to obtain a pre-judgment writ of replevin through *ex parte* summary procedures requiring minimal, if any, showing of entitlement and no opportunity for rebuttal. Finally, in *North Georgia Finishing v. Di–Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Supreme Court revisited the problems associated with the issuance of writs of garnishment pending a suit on the merits of entitlement, when the writ issued on the strength of a private party's conclusory affidavit and without provision for an early hearing to challenge the taking. The Court, relying on *Sniadach* and *Fuentes*, struck down the statute as violative of due process.

Stripped of surplusage, all three cases present analytically similar fact patterns. In each instance, two private parties assert a claim to a *res*, and one party invokes the state's power to seize the *res* before an adjudication of entitlement. Injecting the state, as an intervenor, into what is essen-

wanted to contest the citation were referred to Municipal Court. During non-working hours, the amount of the penalty assessment was construed as bond and a bond receipt issued." Record, vol. 2, at 232. Memorandum Brief in Support of Plaintiff's Motion for Reconsideration, Exhibit A: Defendant's Answers to interrogatories. Where, as here, a hearing on the merits is available within normal working hours, due process is always satisfied. We leave to another day the question of how promptly the hearing on the underlying violation must be held (to satisfy due process) when circumstances are otherwise.

7. Aspen's amended ordinance provides for an administrative hearing, within 48 hours, on the validity of the towing. Record, vol. 1, at 41. While we have held that this separate hearing is not required, it does provide an additional procedural protection to individuals whose vehicles are towed. City of Aspen Ordinance No. 73 (Series of 1982).

8. *See Stypmann,* 557 F.2d 1338; *see also Hale v. Tyree,* 491 F.Supp. 622 (E.D.Tenn.1979); *Hann*

*v. Carson,* 462 F.Supp. 854 (M.D.Fla.1978); *Craig v. Carson,* 449 F.Supp. 385 (M.D.Fla.1978); *Remm v. Landrieu,* 418 F.Supp. 542 (E.D.La. 1976); *Watters v. Parrish,* 402 F.Supp. 696 (W.D. Va.1975). Taking as their point of departure the *Sniadach–Fuentes–Di–Chem* line of cases, *North Georgia Finishing v. Di–Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), these courts apply roughly the following analysis: (1) *Sniadach* and progeny teach that before property interests are negatively affected, due process requires notice and a pre-deprivation hearing; (2) an individual's interest in his vehicle is a "property interest" within the meaning of the fourteenth amendment; therefore, (3) towing a person's vehicle without the opportunity for prior (or immediate post-towing) notice and hearing results in interference with property interests in violation of the fourteenth amendment.

tially a private dispute alters the balance of power in the parties' relationship.[9] Achieving that result merely on the basis of conclusory allegations of entitlement clearly harms the property interests of one of the parties.[10] Understandably, under those circumstances the Supreme Court has held that due process requires a pre-seizure hearing.

Towing cases present a situation which is clearly distinguishable from the one found in *Sniadach, Fuentes,* or *Di–Chem.* In towing cases, the state is acting pursuant to a legitimate exercise of its police power. The impoundment and towing of illegally parked vehicles is an action taken in order to promote safety and public welfare. Contrary to the situation in the replevin-garnishment cases, here the state seeks to enforce its own significant interest rather than simply to exercise its power on behalf of a private party.[11] Also unlike those cases, the state makes no underlying claim to the *res.* The charges assessed are reasonably related to the costs of enforcement, and when satisfied or exonerated, no further claim is made. Finally, and again unlike *Sniadach,* it is uncontested that

there is ready access to a hearing to determine the validity of the underlying violation. *Cf. Mitchell v. W.T. Grant Co.,* 416 U.S. at 614, 94 S.Ct. at 1903 (contrasting the facts in *Sniadach* and *Mitchell,* the court noted that it was not apparent in *Sniadach* with what speed the debtor could challenge the validity of the garnishment). We believe that the present circumstances implicate much more attenuated property interests than were at issue in *Sniadach* and its progeny.

## IV.

We turn now to the actions of the city of Aspen in repealing and reenacting its towing and impoundment ordinance. Aspen does not dispute that Mr. Goichman's lawsuit was the catalyst in the City Administration's reexamination of the towing ordinance. Record, vol. 1, at 121. Mr. Goichman relies on this fact as justification for his claim to attorney's fees as a "prevailing party" under 42 U.S.C. § 1988.[12]

The Supreme Court has recognized that a plaintiff may "prevail" in the absence of a full litigation of the issues or a judicial

---

**9.** As the Supreme Court itself stated:

> *Sniadach* involved the prejudgment garnishment of wages—"a specialized type of property presenting distinct problems in our economic system." Because "[t]he leverage of the creditor on the wage earner is enormous" and because "prejudgment garnishment may as a practical matter have a wage-earning family to the wall," it was held that the Due Process Clause forbade such garnishment absent notice and prior hearing.

> *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 614, 94 S.Ct. 1895, 1903, 40 L.Ed.2d 406 (1974).

**10.** For example, in *Fuentes,* it was significant to the Court's analysis that the statutes permitted seizure of the disputed *res* merely on the basis of general allegations of entitlement. In fact, the Pennsylvania statute did not require any allegation of entitlement whatsoever. *Fuentes,* 407 U.S. at 74–78, 92 S.Ct. at 1991–1993.

**11.** *Cf. Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679, 94 S.Ct. 2080, 2089, 40 L.Ed.2d 452 (1974) ("[U]nlike the situation in *Fuentes, seizure is not initiated by self-interested private parties;* rather, [government] officials determine whether seizure is appropriate under [statutory] provisions" (emphasis added). In *Calero–Toledo,* the Supreme Court upheld the constitutionality of a Puerto Rican statute which

provided for the forfeiture, without notice or hearing, of vessels used for illegal purposes (even when the vessel's owners were unaware of the acts leading to forfeiture). The Court considered the nature of the government's interest, the effect which pre-seizure notice and hearing would have, and the nature of the parties involved. The Court concluded that, on those facts, due process was not violated by postponement of notice and hearing until after seizure. *See also Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971).

**12.** The relevant portion of section 1988, enacted as the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fee as part of the costs.

Mr. Goichman argues that "the filing and service of Plaintiff's Complaint ... resulted in the Defendant's repeal of its preexisting towing and seizure ordinances and enactment of ordinances which, in part, provide constitutional safeguards not present in the repealed laws." Appellant's Brief at 30.

determination that plaintiff's rights have been violated. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). In *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 (10th Cir. 1985), we adopted the test used in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978), for determining whether a plaintiff qualifies as a "prevailing party" when there has been no judgment on the merits.[13] To satisfy the test, plaintiff must demonstrate that (1) his lawsuit is linked causally to securing the relief obtained and (2) the defendant's conduct in response to the lawsuit was required by law. *J & J Anderson, Inc.*, 767 F.2d at 1473.

■ Because the facts of this case leave little doubt that the first element of the test has been met, we move to an examination of the second element. To satisfy it, Mr. Goichman has to establish that Aspen's conduct in response to the lawsuit was required by the constitution or federal law. *Supre v. Ricketts*, 792 F.2d 958 (10th Cir. 1986). In light of our previous discussion and holding concerning plaintiff's due process challenge, it is clear that Aspen's actions in amending the ordinance constituted gratuitous conduct on its part. The term "gratuitous conduct" has acquired a definition by our cases as an action not required by law. *Id.* at 964 (Seth, J., concurring).

Certainly, Aspen's revised ordinance provides additional safeguards which further ensure the protection of an individual's procedural rights. To the extent that plaintiff, in bringing his suit, sought to protect these cherished constitutional values, he can derive satisfaction from the fruit of his labors. Nevertheless, "[i]f it has been judicially determined that defendants' conduct,

however beneficial it may be … is not required by law, then defendants must be held to have acted gratuitously and plaintiffs have not prevailed in a legal sense." *Supre*, 792 F.2d at 964 (Seth, J., concurring) (citing *Nadeau*, 581 F.2d at 281). Consequently, the district court correctly denied plaintiff's request for attorney's fees.

### V.

■ Aspen has cross-appealed the district court's denial of its claim for attorney's fees under 42 U.S.C. § 1988. According to the Supreme Court, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983). *See also Prochaska v. Marcoux*, 632 F.2d 848 (10th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981). We recognize that the decision to award or deny attorney's fees lies within the sound discretion of the court, and, on appeal, review is subject to an abuse of discretion standard. *Supre*, 792 F.2d at 961. Nevertheless, the record is devoid of discussion concerning the court's reasoning in arriving at its decision. Given the explicit standard which governs this determination, and the absence of evidence on the record as to the standard which the court applied in considering Aspen's motion for attorney's fees, we remand for the district court's reconsideration of the motion.[14]

The trial court's summary judgment Order and denial of plaintiff's attorney's fees is AFFIRMED. The matter is REMAND-

---

**13.** We recognize that summary judgment operates as an adjudication on the merits. *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2712, at 584 (1983). Nevertheless, it seems appropriate to apply the *Nadeau* standard to this case because summary judgment was entered against plaintiff on the basis that the city's actions, in response to his lawsuit, had mooted plaintiff's claim.

**14.** The record indicates that this is the third unsuccessful lawsuit and appeal which Mr. Goichman has brought raising essentially similar factual and legal issues. *Goichman v.*

*Rheuban Motors,* 682 F.2d 1320 (9th Cir.1982); *Goichman v. W.C. Kelly, Frazier,* 580 F.2d 1053 (9th Cir.1978). *See also Seidman v. City of Beverly Hills,* 785 F.2d 1447 (9th Cir.1986) (Mr. Goichman as counsel for plaintiff-appellant).

While intimating no view, the apparent pattern of those cases indicates that Aspen's request for attorney's fees was not facially frivolous. We therefore believe that the district court should re-examine the pertinent facts, and indicate the basis of its judgment in accord with the appropriate standard.

ED for consideration of defendant's motion for attorney's fees in light of this opinion.