Steven V. SUMMERS,
Plaintiff–Appellant,

v.

STATE OF UTAH; Salt Lake
Commissioners; "John Does
1–5", Defendants,

and

Salt Lake City Corporation; Officer
James E. Faraone,
Defendants–Appellees.

No. 90–4071.

United States Court of Appeals,
Tenth Circuit.

March 13, 1991.

**1166**

Steven V. Summers, pro se.

Roger F. Cutler, Salt Lake City Atty. and Greg R. Hawkins, Asst. Salt Lake City Atty., Salt Lake City, Utah, for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This is an appeal[1] from a district court order adopting the magistrate's report and recommendation to grant summary judgment for defendants, Salt Lake City Corporation and Officer James E. Faraone of the city police department.[2] Plaintiff brought this action pro se under 42 U.S.C. § 1983 to redress defendants' alleged violation of plaintiff's due process rights during the course of his arrest for driving under the influence (DUI) and the concomitant impoundment and subsequent sale of his vehicle.

 With plaintiff's motions for discovery, appointment of counsel and recusal pending, the magistrate issued his report recommending dismissal of the case.[3] With respect to the legality of plaintiff's arrest, the magistrate concluded that the surrounding circumstances provided Officer Faraone with the requisite probable cause. The undisputed facts regarding plaintiff's operation of his vehicle, the officer's scent of alcohol emanating from the vehicle and plaintiff's refusal to take a field sobriety test substantiate the magistrate's conclusion. We agree that plaintiff, who only notes in this regard that his DUI charge was later dismissed, has failed to demonstrate that his arrest by Officer Faraone was improper. Since probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, *United States v. Hansen*, 652 F.2d 1374, 1388 (10th Cir.1981); *United States v. Vravis*, 761 F.2d 513, 515 (8th Cir.1985), the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges, *Warren v. Byrne*, 699 F.2d 95, 98

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The district court's earlier dismissal of the other named defendants is not challenged on this appeal.

3. In light of the disposition effected herein, we express no opinion on the merits of the various procedural motions pending before the district court when the case was dismissed below.

(2d Cir.1983), or acquittal, *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir.1988).

The problematic aspects of this case concern the treatment of plaintiff's allegations dealing directly with the impoundment, retention and ultimate sale of his vehicle for the attendant fees. Plaintiff contends that his due process rights were violated because he was not given timely notice of his entitlement to a hearing in which to challenge the propriety of such action and, if successful, to recover his vehicle free of improper charges. The magistrate analyzed this contention in the following manner:

> There is no evidence in the record that the plaintiff was given any notice before his vehicle was sold. Reasonable notice is one of the due process requirements.

> However, neither the City nor Officer Faraone were responsible for giving notice, and the Motor Vehicle Division is not a party. Moreover, [Utah Code Ann.] § 41–6–44.30 contains the following statutory disclaimer:

>> "No liability may be imposed upon any peace officer, the state, or any of its political subdivision [sic] on account of the enforcement of this section."

> Subsection (9).

> The statutory disclaimer may not be recognized in [a] civil rights action, but § 1983 does require a showing of an affirmative link between the defendant's conduct and any constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 370–77 [96 S.Ct. 598, 603–07, 46 L.Ed.2d 561] (1976). That affirmative link is missing from the plaintiff's due process claim.

> The magistrate therefore recommends that the defendants be granted summary judgment. IT IS SO RECOMMENDED.

Magistrate's report and recommendation filed March 5, 1990. The district court accepted this recommendation in the following summary fashion: "No objection has been taken to the magistrate's report and recommendation. The court has reviewed the file and hereby adopts the magistrate's report and recommendation." District court's order filed April 6, 1990.

This appeal presents an important procedural point that should be addressed prior to consideration of the substantive merits of the case. Shortly after entry of the order quoted above, plaintiff moved for reconsideration, asserting that contrary to the district court's understanding, he had submitted timely written objections to the magistrate's report and, therefore, it had been improper for the district court to exercise less than de novo review over the case. *See* "Motion to Vacate Judgment" filed April 16, 1990. Attached to plaintiff's motion was a copy of his objections, which was stamped received by the city attorney's office March 13, 1990, clearly within the ten-day period provided in 28 U.S.C. § 636(b)(1) for the filing of such objections. Thereafter, without specific reference to either the motion or the attached objections, the district court entered a second order dismissing the action in the same manner as the first. *See* district court's order filed April 19, 1990. Plaintiff filed his notice of appeal on April 26, 1990.

██ De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court. *See Gee v. Estes*, 829 F.2d 1005, 1008 (10th Cir.1987); *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir.1990); *United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985). Where circumstances indicate that the district court has not conducted such review following timely objection to the magistrate's report, the case must be remanded for compliance with the statute. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir.1986); *e.g., Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir.1988); *Gee*, 829 F.2d at 1009. In contrast, the district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate. *Thomas v. Arn*, 474 U.S. 140, 150, 154, 106 S.Ct. 466, 472, 474, 88 L.Ed.2d 435 (1985); *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.) (district court need not review unchallenged magistrate's report at

all, but in Third Circuit's view, the "better practice" is for court to afford "some level of review" to dispositive legal issues), *cert. denied,* 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987); *Delgado v. Bowen,* 782 F.2d 79, 81–82 (7th Cir.1986) ("[section 636(b)(1)] should be read as *permitting* modifications and *de novo* determinations by the district judge at all times but *mandating de novo* determinations when objections are raised").

■ In this case, the district court expressly "review[ed] the file," but its resulting order does not clearly indicate the extent, focus or rigor of that review. Furthermore, the district court obviously did not consider the specific objections asserted by plaintiff. Under the authorities cited, however, the district court's review of the case was entirely proper, at least until the appearance or disclosure of any exceptional circumstances sufficient to call upon the court to take cognizance of plaintiff's objections and consider the matter de novo.

Although the district court docket contains no entry reflecting the filing of plaintiff's objections with the clerk, the district court clearly had been apprised of their existence, content and timely service on defendants before the second order of dismissal was issued. Under these circumstances, the district court should have addressed itself to the pending motion to vacate, acknowledged plaintiff's attempt to comply with section 636(b)(1) and exercised its considerable discretionary authority, *see Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir.1983) ("The district court is vested with a great deal of discretion in its decision to grant or deny a Rule 60(b) motion"), to grant or deny the requested relief. *See also Grandison v. Moore,* 786 F.2d 146, 148 (3d Cir.1986) (late filing of objections permissible where noncompliance adequately justified); *cf. Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir.1989) (objections mailed but not filed within ten-day period nevertheless considered by court), *cert. denied,* — U.S. —, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). *See generally A.F. Dormeyer Co. v. M.J. Sales &*

*Distrib. Co.,* 461 F.2d 40, 42–43 (7th Cir. 1972) (counsel's failure to file responsive pleading with court excused and default judgment vacated where opposing party had been timely served with same). In failing to exercise its discretion, the district court perforce abused it. *See McNickle v. Bankers Life & Cas. Co.,* 888 F.2d 678, 680 (10th Cir.1989) ("A clear example of an abuse of discretion is where the trial court fails even to consider either an applicable legal standard or the facts upon which the exercise of its discretionary judgment is based"); *see, e.g., Hustler Magazine, Inc. v. United States Dist. Court,* 790 F.2d 69, 71 (10th Cir.1986) (in failing to hear petitioner's case for transfer of venue, district court abused its discretionary authority over the matter).

Accordingly, although we do not suggest to the district court how its discretion should be exercised, we vacate its judgment insofar as the motion to vacate is concerned and remand the matter for express consideration. *See Hustler Magazine,* 790 F.2d at 71. Since this appeal encompasses not only the Rule 60(b) issue but also the judgment on the merits, *see Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1439–40 and n. 3 and cases cited therein (10th Cir.1990) (while appeal solely from denial of Rule 60(b) motion was limited to consideration thereof and did not call up merits of prior, underlying judgment, if timely appeal had been taken from both rulings, resultant review would have extended to merits of judgment as well as denial of Rule 60(b) relief), we retain jurisdiction over the appeal from the judgment on the merits during pendency of the Rule 60(b) motion with the district court on remand. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978) (Rule 60(b) motion does not affect finality of original judgment and district court retains its power to decide motion after appeal from latter is taken). Should the district court deny the Rule 60(b) motion, we shall proceed with the appeal on the merits; should the district court instead certify its intention to grant the motion, we shall remand the entire case

for the district court's disposition of the motion and consequent de novo consideration of the merits. *See Garcia v. Regents of Univ. of Cal.,* 737 F.2d 889, 890 (10th Cir.1984) (to ensure survival of existing appeal from judgment on merits, appellate court should retain jurisdiction while Rule 60(b) motion to vacate judgment appealed from is pending with district court and remand case only in event district court certifies its intent to grant motion). *Cf. United States v. Draper,* 746 F.2d 662, 664–66 (10th Cir.1984) (discussing same procedure in context of motion for new trial under Fed.R.Crim.P. 33).

■ We take the present opportunity to express our reservations regarding the magistrate's legal analysis in order to provide some guidance in the event the district court decides to reach the merits. First of all, we note that this circuit has precedent relating directly to the due process issues raised herein, *see Goichman v. City of Aspen,* 859 F.2d 1466 (10th Cir.1988); *see also Weinrauch v. Park City,* 751 F.2d 357 (10th Cir.1984), which was never expressly considered in the magistrate's report. These cases make it clear that vehicle impoundment and the imposition of attendant penalty charges prior to any hearing may be appropriate *provided* the aggrieved party is afforded adequate notice of a post-deprivation hearing in which the validity of the impoundment can be disputed, either directly or by way of a challenge to the underlying violation, and, if successful, the party may recover any fees or penalties assessed. *See Goichman,* 859 F.2d at 1467–68 and nn. 3, 4; *Weinrauch,* 751 F.2d at 360. Plaintiff's allegations [4] that he was given no notice of any such hearing until after his vehicle had been sold plainly implicate the due process concerns reflected in

*Goichman* and *Weinrauch.* Defendants argue on appeal that they attempted to provide timely notice, which failed only through the fault of plaintiff. However, because of the nature of the magistrate's recommended rationale and disposition, to which we turn next, the crucial factual and legal issues raised by the parties in this regard have not been developed adequately for our resolution in the first instance on appeal. *Cf. Griess v. Colorado,* 841 F.2d 1042, 1047 (10th Cir.1988) (affirmance on grounds not relied upon by district court proper if record is sufficient to permit conclusion of law).

■ We do not agree with the magistrate's conclusion that plaintiff's due process claim may be rejected for lack of an affirmative link tying defendants to the constitutional violation alleged. While Utah Code Ann. § 41–6–44.30(4) requires the Utah Motor Vehicle Division to provide notice to the impounded vehicle's owner, this requirement is triggered only after "[t]he peace officer or agency by whom the officer is employed" fulfills his or its mandatory duty to notify the division of the impoundment in the first place. Section 41–6–44.30(3). Certainly, any police officer or department misfeasant in this regard cannot plausibly deny an affirmative link to the consequent failure of notice to the vehicle owner. Moreover, since this statute does not, in any event, afford the owner the requisite opportunity to recover his vehicle from the authorities free of charges improperly imposed, defendants may not use it as a shield to deflect due process responsibility onto the state motor vehicle division.[5]

Such an opportunity is afforded, however, by the Salt Lake City Code provisions

---

4. We consider plaintiff's factually detailed objections to the magistrate's report as augmenting the more conclusory allegations asserted in his quite brief pleadings. *See Dunn,* 880 F.2d at 1190.

5. Similarly, Utah Code Ann. § 41–6–44.10, which deals with the legal and administrative consequences of a driver's refusal to submit to chemical tests for intoxication, imposes a duty on the arresting officer to serve notice regarding the division's procedures in connection with

the revocation of driving privileges, section 41–6–44.10(2)(a), but the hearing afforded is evidently limited to approving or disapproving such revocation and, thus, does not contemplate relief in connection with the vehicle impoundment and attendant fees resulting from the driver's arrest, *see* section 41–6–44.10(2)(c). *See also* § 41–6–44.30(1) (authorizing impoundment of vehicles operated by drivers arrested or cited for violation of section 41–6–44.10).

cited by defendants and attached to their brief. Under sections 12.96.040, 12.96.050 and 12.96.090, the impounded vehicle's owner must be given notice of the right "to an administrative hearing to determine whether there was probable cause to impound the vehicle," and this hearing provides the owner the opportunity to obtain the release of the vehicle "without fees or with a reduction in fees." While the city code does not explicitly identify who is responsible for sending this notice to the owner, the city and its police department are clearly entrusted with general administration of the entire procedural scheme. *See, e.g.,* § 12.96.050B (owner's written request for hearing must be filed with city); § 12.96.060 (unredeemed vehicles sold at auction by police department); § 12.96.070 (city's responsibility for distribution of auction proceeds); § 12.96.090 (hearing on validity of impoundment conducted by examiner designated by city). And, again, the duty of providing the initial notice that sets the established procedures in motion rests upon the officer directing the impoundment. *See* § 12.96.030.

We note an important point of distinction in this regard, however, with respect to the requisite character of the city's affirmative link to the claimed constitutional deprivation. Unlike Officer Faraone, the city may be held liable to plaintiff only if the procedural deficiency alleged either was a *direct manifestation of the city's formal policy or informal custom,* or resulted from a *failure to train city personnel that, under the circumstances, evidenced a deliberate indifference to citizens' rights* sufficient, in itself, to constitute a policy or custom of the city. *See City of Canton v. Harris,* 489 U.S. 378, 385–89, 109 S.Ct. 1197, 1203–05, 103 L.Ed.2d 412 (1989). While plaintiff's allegations, particularly those asserted in his objections to the magistrate's report, implicate, in rather conclusory fashion, both of these possibilities, the record developed thus far is plainly lacking in pertinent specifics. By way of explanation, plaintiff asserts that inadequately answered and prematurely suspended discovery is to blame for the deficient state of the record. We leave the entire matter to the district court in the event it elects to grant plaintiff's Rule 60(b) motion on remand.

The judgment of the United States District Court for the District of Utah is VACATED insofar as it effected the unfavorable disposition of plaintiff's Rule 60(b) motion, that matter alone is REMANDED for further proceedings and we retain jurisdiction over the remainder of the cause appealed.