**COLORADO INTERSTATE GAS COMPANY, Plaintiff**

v.

**STATE OF OKLAHOMA, EX REL. COMMISSIONERS of the LAND OFFICE, and the Honorable David Walters, Jack Mildren, Sandy Garrett, Clifton H. Scott, and Gary Sherrer, as the Commissioners of the Land Office of the State of Oklahoma, Defendants.**

No. CIV–90–498–C.

United States District Court, W.D. Oklahoma.

May 14, 1992.

Donna Nix Blakley, H.B. Watson, Jr., and Sharon T. Thomas, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, for plaintiff.

James T. Dupre and Perry E. Kaufman, Commissioners of the Land Office, Oklahoma City, OK, for defendants.

### ORDER

CAUTHRON, District Judge.

Pending the appeal of rulings relating only to a portion of the litigation, developments in state court proceedings prompted plaintiff to request the Court re-open this case. The Court granted plaintiff's request and announced its intention to vacate the order entered March 12, 1991, by the Honorable Layn Phillips ("1991 Order") 760 F.Supp. 1466. *Summers v. State of Utah,* 927 F.2d 1165 (10th Cir.1991). Upon that announcement, the pending appeal was dismissed and the rulings made in the 1991 Order are hereby vacated to permit the Court to take up anew the issues presented. Rule 60(b)(6), Federal Rules of Civil Procedure. Defendants have moved to dismiss the second amended complaint.

Briefly stated, plaintiff, Colorado Interstate Gas Company ("CIG"), alleged it is an interstate gas pipeline company which purchases gas. By operation of its lease agreements, CIG pays the gas producers. The gas producers in turn are responsible for paying any royalties which arise by virtue of the sales of gas. The Commissioners of the Land Office ("CLO") manage the public lands of the State of Oklahoma ("State"). The State is a royalty owner in some of the same spacing units in which CIG purchases gas. CIG does not purchase any gas directly from the CLO and alleges it has no contractual relationship obligating it to make direct royalty payments due under the CLO's leases.

CIG's second amended complaint contains the following allegations:

In Counts I–V, CIG requests, among other things, declaratory judgments that Okla.Stat. tit. 64, § 293, Okla.Stat. tit. 52, § 87.1, and Okla.Stat. tit. 52, § 540, are unconstitutional. In Counts VI and VII, CIG alleges these

three statutes should not impose any liability on CIG as its gas purchase agreements were entered into prior to the statutes' effective dates. In Count VIII, declaratory judgment is requested as to the meaning of the royalty clause contained in the CLO's oil and gas leases.

Count IX requests a declaration that the statutes violate the Oklahoma Constitution. In Count X, CIG alleges the statutes are preempted by the Natural Gas Act ("NGA") and the Natural Gas Processing Act ("NGPA"), and constitute an undue burden on interstate commerce. Further, it is alleged CLO Rules 3–150, 3–151, and 3–152, governing the sale and operation of oil and gas leases are also preempted by the NGA and the NGPA.

The Court has searched for definitive authority on the challenged statutes and rules and has not been successful in reaching a satisfactory conclusion. In addition, the propriety of applying Okla.Stat. tit. 52, § 87.1 is involved in at least one other case in which the litigants have been waiting three (3) years for the Oklahoma courts to enter a definitive ruling. *See Panhandle Eastern Pipe Line Company v. State of Oklahoma,* Case No. CIV–85–2659–C, 1994 WL 401601 (W.D.Okla. July 15, 1988) (court would abstain until Senate Bill No. 1609, which amended Okla.Stat. tit. 52, § 540 and Okla. Stat. tit. 52, § 87.1(e), was construed by the Oklahoma courts). This Court believes resolution of the disputes in this litigation could be aided by a presentation of certified facts and questions to Oklahoma's highest tribunal, pursuant to the terms and provisions of Okla.Stat. tit. 20 (1981), § 1601, *et seq.* Accordingly, no later than May 25, 1992, the parties are directed to state their positions with respect to certification and present a proposed statement of facts and questions for this Court's review and certification to the Oklahoma Supreme Court.

IT IS THEREFORE ORDERED that, no later than May 25, 1992, the parties are directed to state their positions with respect to certification and present a proposed statement of facts and questions for this Court's review and certification to the Oklahoma Supreme Court.

IT IS SO ORDERED.