46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juventino PADILLA, Plaintiff-Appellant,
v.
Janet RENO, Defendant-Appellee.
 No. 94-1312.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 In February 1994, Plaintiff brought a 1983 claim alleging Defendant violated his First and Eighth Amendment rights. Plaintiff alleged that "[t]he Bureau of Prisons has made it hard on my family and me to visit because I have been moved to four locations in the past four years." After reviewing Plaintiff's complaint, the magistrate dismissed it for failure to state a claim. See Fed.R.Civ.P. 12(b)(6).
 
 
 2
 Plaintiff filed objections to the magistrate's Recommendation. In his objections, Plaintiff stated "I hereby amend my complaint so that the court can acknowledge that I have a claim." Doc. 6 at 1. In his amendment, Plaintiff attempted to assert a Bivins[3] action against Defendant for alleged violations of his First, Eighth and Fourteenth Amendment rights.
 
 
 3
 The district court adopted the magistrate's Recommendation and dismissed Plaintiff's 1983 claim, but did not rule on Plaintiff's amended claim--i.e., the Bivins action. Plaintiff does not appeal the court's ruling on his 1983 claim. This claim is abandoned and the district court's resolution stands. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993).
 
 
 4
 Instead, Plaintiff claims on appeal that he asserted a valid Bivins action against Defendant in his amendment to his complaint. The court did not rule on Plaintiff's motion to amend.[4] We remand for the district court to rule on Plaintiff's motion to amend. Cf. Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir.1991) (remanding case for express ruling on motion for reconsideration pending when district court entered judgment without any reference thereto).
 
 
 5
 REMANDED for further proceedings consistent with this Order and Judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [4]
 Plaintiff did not style his amendment as a "Motion to Amend." However, construing his pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we believe Plaintiff properly alerted the district court to his desire to amend his complaint in the objections he filed to the magistrate's Recommendation