**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CESAR RAMON MARTINEZ
OLIVARES,

    Plaintiff - Appellant,

v.

HARVESTLAND CONSTRUCTORS
INC.,

    Defendant - Appellee.

No. 24-3162
(D.C. No. 2:24-CV-02191-HLT-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

_____

This appeal addresses issues involving service of process and waiver

of rights when an appellant fails to timely object to a magistrate judge's

recommendation.

---

[*]    Mr. Martinez Olivares hasn't said whether he requests oral argument. (When asked, he responded "Petition for Writ of Certiorari." Appellant's Br. at 4.) But we conclude that oral argument would not help us decide the appeal. So we have decided the appeal based on the record and Mr. Martinez Olivares' brief. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Cesar Ramon Martinez Olivares sued Harvestland Constructors, Inc., but he didn't serve Harvestland in the allotted time period. So the magistrate judge recommended dismissal. After receiving the recommendation, Mr. Martinez Olivares failed to timely object; and the district judge adopted the recommendation and dismissed the action. This dismissal underlies the appeal.

When a party fails to timely object to a magistrate judge's recommendation, we generally find a waiver of the right to appellate review. *United States v. B.N.M.*, 107 F.4th 1152, 1168 (10th Cir. 2024). But this general practice has two exceptions: (1) when the district court fails to tell pro se litigants the deadline to object and the consequences of a failure to object, and (2) when the interests of justice require review. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).

Mr. Martinez Olivares reargues the merit of his underlying claims, but he doesn't defend his failure to timely object to the magistrate judge's recommendation or invoke either exception to our general practice recognizing a waiver. The first exception doesn't apply. Though Mr. Martinez Olivares was pro se, the magistrate judge stated that (1) an objection was due in fourteen days and (2) a failure to timely object would waive his right to appellate review. Nor does the second exception apply because Mr. Martinez Olivares made no effort to object, failed to explain why he hadn't objected, and didn't identify an important interest

2

supporting consideration of the merits.[1] Because the exceptions don't apply, we find that Mr. Martinez Olivares has waived his right to appeal. Given this waiver, we dismiss the appeal.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]    When a party timely objects, the district judge must conduct de novo review. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). But when there's no objection, the district judge can apply any standard deemed appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *cf.* Fed. R. Civ. P. 72(b) adv. comm. note (stating that when no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

The district judge applied de novo review even though Mr. Martinez Olivares hadn't objected. But the district judge's application of de novo review doesn't affect the applicability of our general practice recognizing a waiver of appellate review. *Vega v. Suthers*, 195 F.3d 573, 580–81 (10th Cir. 1999).

[2]    We grant Mr. Martinez Olivares' motion for leave to proceed without prepayment of costs and fees.