FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FELIX MAURO TORRES,

    Plaintiff - Appellant,

v.

JARED POLIS, Governor; PAX LEIA
MOULTRIE, Judge; DENVER DISTRICT
COURT FAMILY DIVISION; VANESSA
GUZMAN,

    Defendants - Appellees.

No. 25-1115
(D.C. No. 1:24-CV-00142-SKC-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Feliz Mauro Torres, proceeding pro se, brought this 42 U.S.C. § 1983 action

against Judge Pax Leia Moultrie, Governor Jared Polis, the Denver District Court

Family Division[1] (collectively, the state defendants), and his ex-wife Vanessa

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As the magistrate judge observed, the state defendants indicated the correct entity was the Denver Juvenile Court. R. vol. II at 24–25 n.1, 118 n.1. The state defendants make the same point again on appeal. *See* Aplee. Resp. Br. at 1 n.1. But

Guzman, alleging they violated his parental rights under the Fourteenth Amendment.[2]

The district court dismissed all claims, adopting the recommendation of a United

States Magistrate Judge.  Mr. Torres did not object to the recommendation.  He now

appeals.  Under this court's firm waiver rule, Mr. Torres waived his right to appellate

review.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

A custody dispute forms the backdrop of this appeal.  Mr. Torres and

Ms. Guzman were married in June 2018 and separated six months later in December.

Their son was born in August 2019.  Since then, Mr. Torres alleges Ms. Guzman has

"forcefully and deliberately prevented [him] from vesting his rightful relationship

with" his son and eventually prohibited visitation "without a court order."  R. vol. II

at 16.  In December 2023, Denver District Court Judge Pax Leia Moultrie held a

hearing "on the matter of [Mr. Torres's] right to access and parent" his son.  *Id.* at 14.

Mr. Torres describes the court's ruling as placing two conditions on his parental

access:  (1) that he "engage a Court appointed Guardian Ad Litem for [his] son"; and

(2) that he "prove financial worthiness."  *Id.*

---

neither the magistrate judge nor the district court discussed the matter further.
Because our disposition does not turn on the precise identity of that entity, we need
not resolve the naming issue.

[2] Because Mr. Torres proceeds pro se, "we liberally construe his filings, but we
will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

In response to Ms. Guzman's visitation restrictions and the conditions imposed at the December 2023 hearing, Mr. Torres filed this § 1983 action in federal court in the District of Colorado against the state defendants and Ms. Guzman. After being directed to cure deficiencies in his original complaint, he filed an amended complaint, asserting violations of his parental rights under the Fourteenth Amendment. He sought five million dollars in damages from each defendant for the "loss of contact" with his son. *Id.* at 19. He also requested injunctive relief, asking the court to "immediately and without hesitation recognize, support and fully enforce [his] parental activities." *Id.* at 18.

The state defendants and Ms. Guzman moved to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The parties declined to consent to the jurisdiction of a magistrate judge. *See* R. vol. I at 4 (Dist. Ct. Dkt. No. 19). The district court referred the motions to a magistrate judge for a recommendation. *See* 28 U.S.C. § 636(b)(1)(B). On February 26, 2025, the magistrate judge recommended dismissing the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine—which bars federal suits that are, in substance, appeals of state court judgments.[3] *Bear v. Patton*, 451 F.3d 639, 641 n.2 (10th Cir. 2006) (explaining "the *Rooker–Feldman* doctrine divests federal district

---

[3] The magistrate judge reached this decision based in part on Mr. Torres's representation the state proceedings had concluded. *See* R. vol. II at 89 ("The foundation of the defendants' arguments is that there was an ongoing case and, in fact, there was not."). The magistrate judge held in the alternative that even if proceedings had not concluded, dismissal would be appropriate under the *Younger* abstention doctrine. R. vol. II at 125 nn. 5–6.

courts of subject matter jurisdiction over claims that seek, in substance, appellate review of final state-court judgments.")

The recommendation advised Mr. Torres "that any party may file objections **within 14 days** of service of this Recommendation." R. vol. II at 129. It also warned "a party who fails to make a timely objection . . . waives appellate review of both factual and legal questions." *Id.* at 130 (quoting *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)).

Mr. Torres did not file a timely objection. Recognizing that no objection had been filed, the district court reviewed the recommendation "to satisfy itself that there is 'no clear error on the face of the record.'" R. vol. II at 134 (quoting Fed. R. Civ. P. 72(b), 1983 advisory comm. note). The court found no clear error and adopted the recommendation, dismissing Mr. Torres's claims without prejudice.

Mr. Torres timely appealed to this court. We briefly abated the appeal pending resolution of a motion to clarify filed by Mr. Torres in the district court, which the district court denied. *See* Dkt. Nos. 2, 5. On April 2, 2025, this court then ordered Mr. Torres to show cause why his failure to object to the magistrate judge's recommendation did not waive his right to appellate review under the firm waiver rule. *See* Dkt. No. 5.

Before responding to the show-cause order, Mr. Torres filed another motion in the district court to vacate the final judgment under Federal Rule of Civil Procedure

4

60(b)(4).[4] He argued the district court's review of the recommendation "only for clear error [was] . . . constitutionally and procedurally invalid" because he "expressly withheld consent to proceed before a magistrate judge." R. vol. II at 173, 175 (internal quotation marks omitted). In his view, his refusal to consent to the jurisdiction of the magistrate judge required the district court to review the recommendation de novo, and its failure to do so rendered the judgment void. *See* R. vol. II at 175.

The district court denied the motion. It explained Mr. Torres had not objected to the magistrate judge's recommendation, so de novo review was not required. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The court further observed that, as an "e-filer" "from [the] early stages" of the case, Mr. Torres was "presumed to have received all filings when they were docketed electronically." *Id.* at 179.

On May 1, 2025, Mr. Torres responded to the show-cause order. *See* Dkt. No. 9. Mr. Torres contended (1) he was "denied access to the timely delivery of the documents" that were "mailed instead of submitted to the . . . online case management system," and (2) "clear-error review," as conducted by the district court, was "not legally sufficient for dispositive matters when a party has not consented." *Id.* at 2–3 (internal quotation marks omitted).

---

[4] Mr. Torres does not appeal the denial of this motion. We discuss the district court's reasoning as it bears on the procedural history and our analysis of the firm waiver issue.

On June 23, 2025, Mr. Torres filed his opening brief with this court.[5]  As we will explain, neither Mr. Torres's filings nor our own review of the record supports setting aside the firm waiver rule.

## II

On appeal, Mr. Torres raises four arguments:  the district court erred by reviewing the magistrate judge's report and recommendation only for clear error; the district court misapplied the *Rooker-Feldman* doctrine; the defendants' untimely filings entitled him to a default judgment; and Eleventh Amendment immunity does not bar his claims.  The state defendants respond that Mr. Torres "waived appellate review of the dismissal by failing to object to the magistrate judge's recommendation."  Aplee. Resp. Br. at 10.  We agree that firm waiver resolves this appeal.

This court has adopted a firm waiver rule which provides "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."  *Morales-Fernandez*,

---

[5] Over the course of this appeal, Mr. Torres filed documents in the wrong court.  Relevant here, on April 4, 2025, Mr. Torres filed a document titled "Appellant's Opening Brief" in the district court, not this court.  Later, on June 23, 2025—the date his opening brief was due—he mailed a different document to this court, which was docketed as his opening brief.  That document is titled, "Plaintiff's Objections to February 26, 2025, Order & Recommendation of Magistrate Judge Under Rule 72(b), with Constitutional Challenge to Continued Federal Jurisdiction." Aplt. Opening Br. at 1.  It is addressed to the district court rather than this court. Because Mr. Torres has never suggested this document is anything but his opening brief, we treat it as such, as did the state defendants.  In any event, any misfiling is immaterial to our disposition.

418 F.3d at 1119. "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (internal quotation marks omitted). Neither exception applies here.

The first exception is unavailable because the recommendation informed Mr. Torres of both the time period for objecting and the consequences of failing to do so. Mr. Torres does not argue otherwise.

The second exception also does not apply. In determining whether the interests of justice excuse application of the firm waiver rule, we consider (1) "a *pro se* litigant's effort to comply" with the objection requirement, (2) "the force and plausibility of the explanation for his failure to comply," and (3) "the importance of the issues raised." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (internal quotation marks omitted). None of these factors support Mr. Torres.

As to the first factor, nothing in the record suggests Mr. Torres complied with the fourteen-day objection requirement. Mr. Torres was aware the district court had adopted the magistrate judge's recommendation. Within two weeks of the district court's entry of final judgment, Mr. Torres filed multiple motions in the district court—including a motion to vacate. Mr. Torres never gave any reason for his failure to file a timely objection, sought more time to file an objection, or requested leave to object out of time. *See* R. vol. II at 137–38 (motion for findings of fact and conclusions of law); *id.* at 141–42 (substantially similar motion); *id.* at 173–77 (motion to vacate); *see Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1268 (10th Cir.

7

1999) (declining to excuse waiver where the litigant "failed to identify any efforts he made to obtain the magistrate's recommendation after being made aware of its existence").

As to the second factor, Mr. Torres's explanations for failing to object lack "force and plausibility." *Duffield*, 545 F.3d at 1238 (internal quotation marks omitted). Mr. Torres's assertion the filings were "mailed instead of submitted" to the electronic filing system is not borne out by the governing rules or the record. The District of Colorado permits pro se parties to file and receive documents electronically if they obtain authorization. *See* D.C.COLO.LCivR 5.1(b)(3). Mr. Torres did exactly that—the district court docket confirms his e-filer status since January 26, 2024, ten days after filing the original complaint. *See* R. vol. I at 1. The district court similarly observed that, as an e-filer, he was "presumed to have received all filings" docketed electronically. R. vol. II at 179. We see nothing in the record suggesting otherwise.

Mr. Torres further states "intervening litigation deadlines" and "the need to research" legal issues "required additional time beyond the original 14-day window."[6] Aplt. Opening Br. at 9. But his explanation does not account for his

---

[6] These explanations appear in a document styled "Motion for Leave to File Objections Nunc Pro Tunc" that Mr. Torres appended to his opening brief. Aplt. Opening Br. at 8. The attachment, like the opening brief itself, is addressed to the district court. Two days after filing his opening brief here, Mr. Torres filed the attached motion in the district court. *See* Dist. Ct. Dkt. No. 61. The next day the district court held it lacked jurisdiction to rule on the motion because the case was on appeal, but pointed out that it had considered and rejected the arguments it raised. *See* Dist. Ct. Dkt. No. 62. Mr. Torres does not acknowledge that order in his reply

failure to take any steps to object to the recommendation. Mr. Torres remained otherwise active in the litigation. *Cf. Casanova v. Ulibarri*, 595 F.3d 1120, 1123–24 (10th Cir. 2010) (excusing waiver where the litigant documented multiple inquiries to the clerk's office, alerted the court to mail-delivery problems, and was medically "indisposed" during the objection period).

Finally, the third factor—the importance of the issues raised—does not support an exception to the firm waiver rule. We have explained this inquiry is "similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (internal quotation marks omitted). Plain error occurs when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Nothing in this record suggests this standard is met.

In his show-cause response, Mr. Torres challenges the district court's decision to review the recommendation for clear-error. *See* Dkt. No. 9 at 3–4 (capitalization altered). He does not dispute that a magistrate judge may issue a recommendation on a dispositive motion. *Id.* at 4; *see* § 636(b)(1)(B). Rather, he contends that because he did not consent under 28 U.S.C. § 636(c) to final disposition by the magistrate judge, the district court was required to review recommendations de novo. *Id.* at 3–4; *see also* Aplt. Opening Br. at 4 (stating similar). In his view, the district court's decision to review only for clear error effectively treated the recommendation as an

---

brief. We therefore consider the attachment only insofar as it explains his failure to object, which bears on the interests-of-justice exception to firm waiver.

unauthorized final order, creating a "structural constitutional violation" that "cannot be waived by rule." Dkt. No. 9 at 3 (capitalization altered). We are not persuaded.

The standard of review the district court applied turned on Mr. Torres's failure to object. De novo review is required only "of those portions of the report . . . or recommendation[] *to which objection is made*." § 636(b)(1) (emphasis added). As this court has stated, "[i]n the absence of timely objection, the district court may review a magistrate[ judge]'s report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The magistrate judge issued a recommendation consistent with § 636(b)(1)(B), Mr. Torres did not object, and an Article III judicial officer entered the final order. We thus discern no error in the court's decision to review the magistrate's report and recommendation for clear error.[7]

---

[7] To be sure, "a magistrate [judge] is not authorized to render final appealable decisions . . . absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c)." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989). But here the magistrate judge did not render a final decision. As the district court observed in its order denying the motion to vacate, the court chose "to refer dispositive motions to [the magistrate judge] for her recommendation." R. vol. II at 179. The magistrate judge issued a recommendation consistent with § 636(b)(1)(C), and Mr. Torres did not object. To the extent Mr. Torres characterizes his challenge as a non-waivable jurisdictional defect, we are not persuaded. Indeed, this court has rejected that sort of argument before. *See United States v. Finnesy*, 953 F.3d 675, 683 (10th Cir. 2020) (explaining that "a magistrate judge's lack of statutory authority is not a jurisdictional defect, so

Because neither exception to the firm waiver rule applies, we conclude
Mr. Torres waived appellate review of both factual and legal questions by failing to
object to the magistrate judge's recommendation.

### III

We AFFIRM the judgment of the district court.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

any objection is waived if not raised" (quoting *Clark v. Poulton*, 963 F.2d 1361, 1367
(10th Cir. 1992))).