42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald Adam PENROD, Plaintiff-Appellant,
v.
Robert FURLONG, Superintendent, Limon Correctional Facility,
Mark McKinna, Colorado Women's Correctional Facility, Ruben
Avilla, Investigator, CO DOC, Dewayne Tornowski, Maj.,
Security Manager, LCF, Capt. Nordine, Shift Commander, LCF,
Capt. Bauer, Shift Commander, LCF, Betty Fulton, Lt., Case
Manager, LCF, Richard Mischiera, Lt., Housing Supervisor,
LCF, Sgt. Draper, Housing Officer, LCF, Sgt. Maher, Housing
Officer, LCF, Officer Cook, Mailroom Officer, LCF, Officer
Blassingame, Mailroom Officer, LCF, Officer Fox, Security
Officer, LCF, Office Soloman, Security Officer, LCF, Officer
Blassingame, Security Officer, LCF, K.B. MacKey, Officer,
Security Officer, LCF, T. Smelser, Officer, Security
Officer, LCF, Officer Henderson, Security Officer, LCF,
Officer Holcomb, Security Officer, LCF, Officer Berez,
Security Officer, LCF, Officer Patterson, Security Officer,
LCF, Officer Ferris, Security Officer, LCF, Officer
Trujillo, Security Officer, LCF, Officer Wager, Security
Officer, LCF, Officer Martinez, Security Officer, LCF,
Office Bradshaw, Security Officer, LCF, Capt. Jarvis, Unit
One Cellhouse Captain, LCF, Sgt. Sohkol, Unit One Sgt., LCF,
Defendants-Appellees.
 No. 94-1064.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1994.
 
 Before SETH, BARRETT and LOGAN, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-Appellant Donald A. Penrod, a state prisoner proceeding in forma pauperis, filed a pro se civil rights action pursuant to 42 U.S.C.1983 seeking damages and injunctive relief for alleged violation of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by the superintendent, assistant superintendent, and twenty-six correctional officers at the Limon Correctional Facility in Colorado.
 
 
 4
 The district court ordered that Defendants submit a report pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.) (the Martinez report). This report, along with Plaintiff's complaint, motions for leave to file a supplemental complaint, and response to the Martinez report were reviewed by the magistrate judge who recommended dismissal. The district court adopted the recommendation of the magistrate judge. It denied Plaintiff's motions to amend and dismissed his complaint with prejudice. Plaintiff appeals, and for reasons set forth below we affirm.
 
 
 5
 "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.) (citing Haines v. Kerner, 404 U.S. 519, 520-21). Nonetheless, in forma pauperis claims allowed pursuant to 28 U.S.C.1915 may be dismissed as frivolous by federal courts if they lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325. We review such dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734; Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.).
 
 
 6
 Appellant claims that he is denied meaningful access to the courts because he does not receive postage and photocopying privileges when his prison account is empty. The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822. Appellant asserts that he is indigent, and claims that prison regulations provide two free legal letters per week for indigent prisoners. The record in this case, however, does not support Appellant's claim of indigency. To the contrary, the record indicates that Appellant has had ample funds available to him during the course of his imprisonment which he chose to spend on other items. Postage and copying are available to the Appellant, but there is no requirement that they be provided free of charge. Accordingly, we find that Appellant has not been denied access to the courts.
 
 
 7
 Appellant additionally asserts that he has suffered unidentified medical problems because of his inability to purchase hygiene items. Despite the fact that courts must construe a prose plaintiff's pleadings liberally, it does not relieve the plaintiff of the burden of stating sufficient facts to support his claim. Hall, 935 F.2d at 1110. Where this burden is not met, the court may properly dismiss plaintiff's claim. Here, Mr.Penrod does not properly identify his medical problems, nor does he demonstrate that hygiene items were unavailable to him. Moreover, the magistrate judge found that Appellant spent over one thousand dollars for items from the prison canteen in 1991 and 1992, and further stated that Appellant "clearly had adequate funds for hygiene items." We agree with the district court that Appellant has failed to demonstrate a cognizable 1983 claim with regard to the alleged denial of hygiene products and subsequent illnesses.
 
 
 8
 Appellant next argues that unlawful searches of his cell and mail took place in violation of his Fourth Amendment rights. Appellant's assertions must be examined in light of the basic rule that control and management of penal institutions lies within the sound discretion of responsible administrative agencies. Bell v. Wolfish, 441 U.S. 520. Prison administrators have authority to search cells for security purposes. Hudson v. Palmer, 468 U.S. 517, 530. Further, we have held that an isolated incident of opening protected legal mail, without any evidence of improper motive or resulting interference with right to counsel, does not give rise to a constitutional violation. Smith v. Maschner, 899 F.2d 940 (10th Cir.). Consequently, Appellant's claims regarding alleged illegal searches must fail.
 
 
 9
 Finally, Mr. Penrod contends that the district court abused its discretion by not allowing his repeated attempts to amend his complaint. Specifically, he argues that the district court failed to set forth a basis for its denial of his motions to amend. It is clear that a district court acts within the bounds of its discretion when it denies leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." First City Bank v. Air Capitol Aircraft Sales, 820 F.2d 1127, 1132 (10th Cir.) (quoting Forman v. Davis, 371 U.S. 178, 182). We have additionally held, however, that these reasons must be expressly relied upon by the district court in its denial of movant's motion. See Gillette v. Tansy, 17 F.3d 308 (10th Cir.); TV Communications Network v. Turner Network, 964 F.2d 1022, 1028 (10th Cir.). Nevertheless, Section 1915(d) grants a district court broad discretion to dismiss frivolous actions. Appellant requested leave to file a supplemental complaint on October 26, 1993, and filed motions to amend with amended complaints on December 21, 1993 and January 12, 1994. It is our conclusion after review of the record that, as with Appellant's initial complaint, there was no merit to his proposed amended complaints. The amended complaints alleged substantially the same claims as did the original.
 
 
 10
 Leave to amend a complaint is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. TV Communications Network, 964 F.2d at 1132. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. Mountain View Pharmacy v. Abbott Lab., 630 F.2d 1383, 1389 (10th Cir.). We do not find that the district court's actions with regard to its denial of Appellant's request for leave to amend amounted to an abuse of discretion.
 
 
 11
 In sum, we agree with the magistrate judge and the district court that Appellant's allegations do not support a 1983 claim. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470