UNITED STATES COURT OF APPEALS
**Filed 6/25/96**
FOR THE TENTH CIRCUIT

DONALD ADAM PENROD,

    Plaintiff-Appellant,

v.

GALE NORTON, ARISTEDES
ZAVARAS, BRAD ROCKWELL,
DENNIS PEARSON, KATHLEEN
BAXTER, CATHIE DALTON, DR.
WISHART, Dentist, Jane Doe Dentist
Assistant to Dr. Wishart, John and Jane
Doe Centennial Correctional Facility,
medical staff on day and evening shifts,
John and Jane Does, in their individual
capacities,

    Defendants-Appellees.

No. 95-1450
(D.C. No. 95-D-164)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order granting defendants' motion for summary judgment in this prison civil rights action. Our review is de novo under the same standard applied by the district court, i.e., we must determine whether "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Klein v. Zavaras, 80 F.3d 432, 434 (10th Cir. 1996)(quoting Fed. R. Civ. P. 56(c)). Upon consideration of the record and arguments of the parties, we affirm for substantially the reasons stated in the magistrate judge's recommendation, which was adopted in its entirety by the district court.[1]

Like his rambling, garbled pleadings, plaintiff's appellate briefs are not consistently pertinent and intelligible. The district court properly rejected, pursuant to Fed. R. Civ. P.

---

[1]    The district court initially overlooked plaintiff's timely objections to the magistrate judge's recommendation and, consequently, entered summary judgment without exercising the requisite de novo review thereof. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). Ordinarily, the district court's oversight would necessitate a remand. Id. However, shortly after this appeal was taken, the district court acknowledged its mistake, vacated its judgment, considered plaintiff's objections, and then, again, adopted and entered judgment on the magistrate judge's recommendation. Although the district court should have certified its intention to reconsider the merits and obtained a remand before entering a new judgment accounting for plaintiff's objections (from which a second appeal properly could have been taken), see id. at 1168, it would be pointlessly formalistic to remand for such now-redundant measures. The interests of justice direct us to the merits without further delay.

2

8 (requiring"a short and plain statement of the claim[s] [for relief]"), any intended claims the substance of which could not confidently be gleaned from plaintiff's submissions; we likewise reject any intended appellate objections the import or relevance of which is obscure, see Fed. R. App. P. 28(a)(5)(requiring "a succinct, clear, and accurate statement of the arguments made [on appeal]").

Turning to the primary matters argued on appeal, we agree with the district court that plaintiff failed to substantiate a constitutional claim based on defendants' treatment of his photocopying requests.[2] See Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980)(inmate photocopying may be reasonably limited to accommodate "budgetary considerations and to prevent abuse"); see also Johnson v. Parke, 642 F.2d 377, 380 (10th Cir. 1981)(inmate "cannot complain" if court access "not unduly hampered by the denial of access to [photocopying] machinery," while blanket denial of required copies, despite inmate's offer to pay, unconstitutional "to the degree that it makes it very difficult or impossible for an inmate to satisfy the filing requirements of the federal courts"). Plaintiff's conclusory accusations of retaliatory transfer fall short of the particularized factual showing necessary to resist summary judgment on such claims. See, e.g., Green v. Johnson, 977 F.2d 1383, 1390-91 (10th Cir. 1992); Frazier v. DuBois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). The same is true of plaintiff's utterly speculative suspicions regarding an alleged theft of

---

[2] We note that the summary dismissal, as frivolous, of a similar photocopying claim asserted by plaintiff against personnel of another prison was affirmed by this court in Penrod v. Furlong, No. 94-1064, 1994 WL 672655 (10th Cir. Dec. 1, 1994).

some of his mail.  See generally Hall v. Belmon, 935 F.2d 1106, 1111 (10th Cir. 1991)(to create factual dispute precluding summary judgment, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient"); Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)(to defeat summary judgment, "a party cannot rest . . . on speculation, or on suspicion").  Finally, plaintiff's evidence regarding the removal of his lower left wisdom tooth merely reflects lay disagreement with the dentist's opinion as to proper diagnosis and appropriate treatment and, thus, constitutes at most a complaint of professional negligence insufficient to support an Eighth Amendment claim.  See White v. Colorado, 82 F.3d 364, 367 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

We have reviewed all of the arguments made by plaintiff and, whether expressly discussed or tacitly rejected, each has been found to lack merit.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

4